```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

IN RE:
GERALD J. GESIORSKI,             : Bankruptcy No. 1-97-04554
DAWN S. GESIORSKI,
        Debtors-in possession :


GERALD J. GESIORSKI,             :
DAWN S. GESIORSKI,
        Plaintiffs               :

        vs.                      : CIVIL ACTION NO. 1:CV-05-0961

BRANCH BANKING & TRUST CO.,      :
successor-in-interest to
CARROLL COUNTY BANK & TRUST,     :
        Defendant


O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 11, 2005, the Plaintiffs filed an appeal in bankruptcy.  On May 18, 2005, a motion to dismiss, and a brief, were filed by Branch Banking & Trust Company (Branch Banking), successor-in-interest to Carroll County Bank & Trust Company.[1]  The motion alleges that the appeal involves interlocutory orders of the bankruptcy court.  Plaintiffs filed a response on June 1, 2005.

---

[1] Plaintiffs' objection concerning standing is unpersuasive, and in light of our disposition is irrelevant.

An initial matter for concern is that the notice of appeal does not specify the order from which the appeal is taken. In the notice of appeal Plaintiffs indicate they are appealing an order entered in bankruptcy on March 31, 2005. That order was filed to supplement and clarify the filing date of eleven different earlier docket filings or entries. Although Bankruptcy Rule 8001(a) and the appropriate form require specificity, inasmuch as Plaintiffs are proceeding pro-se in this matter the court will assume they intend their appeal to be from each of the eleven earlier filings.

Branch Banking asserts that the orders referred to are interlocutory and that appeals from such orders require authorization from the court. (28 U.S.C. § 158(a)). Plaintiffs have not included these orders with their appeal but from the description in Branch Banking's brief they do appear to be interlocutory. Plaintiffs have admitted as much in their responsive brief, which acknowledges that no final order in bankruptcy exists. Plaintiffs state that their appeal is not interlocutory, but it is not the label given the appeal. Rather it is the nature of the orders appealed from that determines this issue.[2]

---

[2] 28 U.S.C. § 158 gives the district court jurisdiction to hear bankruptcy appeals from "...final judgments, orders and decrees, and, <u>with leave of the court</u>, from interlocutory orders and decrees ...."  (emphasis added)

2

Another deficiency in the appeal is Plaintiffs' failure to comply with Rule 8006, which requires them (within ten days of the appeal) to file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented by the appellee.

The appeal was filed well over two months ago but Plaintiffs apparently made no effort to comply with the mandate of Rule 8006.  Defendant's motion and brief, which spell out these shortcomings, was filed on May 18, 2005.  Plaintiffs' responsive brief fails to address these issues and is largely a commentary of their dissatisfaction with the proceeding.

Plaintiffs have had more than sufficient time to attempt to cure the deficiencies in their appeal, and it is the conclusion of the court that this matter should proceed before the Bankruptcy Court until a definitive and final order is entered there.

AND NOW, this 30th day of June, 2005, it is ORDERED that Defendant's motion (doc. 3) to dismiss Plaintiffs' appeal is granted, and said appeal is dismissed.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge